UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVIED HOLMES,

    Plaintiff,

v.                                                                    Case No: 6:25-cv-1287-JSS-NWH

SHERIFF WAYNE IVEY and
ARAMARK CORPORATION,

    Defendants.

_____/

**<u>ORDER</u>**

On July 11, 2025, Plaintiff, a prisoner proceeding pro se, filed a document titled "W.A.H.P. 1 Kill-Civil Motion for Declaratory, Injunctive, and Monetary Relief Under 42 U.S.C. § 1983." (Dkt. 1.) Plaintiff has neither paid the filing fee nor moved to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914, 1915(e)(2).

Because Plaintiff cites section 1983 and sets forth allegations related to the conditions of his confinement, it appears he is attempting to initiate a civil rights action. (*See* Dkt. 1.) However, Plaintiff did not use the required prisoner civil rights form to initiate this action. *See* M.D. Fla. R. 6.04(a)(3) (requiring pro se plaintiff prisoners to use the standard form to file a civil complaint). The complaint is therefore missing certain required information, such as a detailed description of Plaintiff's litigation history, and is subject to dismissal without prejudice on that basis.

Plaintiff's complaint must also comply with the Federal Rules of Civil

Procedure, *see, e.g.*, Fed. R. Civ. P. 3, 8, 10, 11, which requires a complaint to contain, among other things, a brief and concise statement of each claim raised and the factual basis for the claims against each named defendant. *See* Fed. R. Civ. 8. Plaintiff briefly described claims that Defendants violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, but these claims do not satisfy the applicable standard.

Additionally, Plaintiff summarily requests a temporary restraining order directing the replacement of jail staff. (*See id.* at 8.) A court's issuance of a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)). Further, Plaintiff must comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65 in drafting a motion for temporary restraining order, which govern the court's decision as to whether an injunction shall issue. Plaintiff has not filed a motion for a temporary restraining order, an affidavit, or other evidence demonstrating an entitlement to relief.

(*See* Dkt. 1.)  *See* M.D. Fla. R. 6.01(a)(2), (a)(6).  Thus, Plaintiff has not complied with Federal Rule of Civil Procedure 65 or Local Rule 6.01 in seeking a temporary restraining order, and so his request is denied.

Accordingly, this case will be dismissed without prejudice to allow Plaintiff an opportunity to properly file a civil rights complaint on the required form and to either pay the filing fee or submit an affidavit of indigency.

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

3. The Clerk is **FURTHER DIRECTED** to mail Plaintiff an affidavit of indigency form and a prisoner civil rights complaint form.  If Plaintiff chooses to file a civil rights complaint, he must complete and submit those forms.  Plaintiff should not place the instant case number on the forms as the Clerk will assign a new case number in the event Plaintiff chooses to pursue an action.

**ORDERED** in Orlando, Florida, on July 22, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

- 3 -